IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 15-248-1 |
| v. | : | |
| | : | |
| TREVOR SUMMERS | : | |

**GOVERNMENT'S SUPPLEMENT TO**
**ITS AMENDED SENTENCING MEMORANDUM**

The United States of America, by its attorneys David Metcalf, United States Attorney for

the Eastern District of Pennsylvania, and Linwood C. Wright, Jr., Assistant United States

Attorney for the District, respectfully submits its supplement to its amended sentencing

memorandum. As support for its position at the time of defendant's sentencing the government

relies on its amended sentencing memorandum (Dkt. #92), and this supplement to that

memorandum.

## I.    BACKGROUND

On June 11, 2015, a federal grand jury sitting in the Eastern District of Pennsylvania

returned a three count indictment charging defendants Trevor Summers and Jonathan Snyder

with conspiracy, in violation of 18 U.S.C. § 371, and three counts of wire fraud and aiding and

abetting, in violation of 18 U.S.C. §§ 1343 and 2. On November 19, 2015, the grand jury

returned a superseding indictment charging defendants Trevor Summers and Jonathan Snyder

with four counts of wire fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1343 and 2.

On February 11, 2016, this same grand jury returned a second superseding indictment which

included two additional counts of wire fraud and aiding and abetting.

The gravamen of the charges is that defendant Summers and his codefendant Snyder fraudulently induced investment in, and loans to, their two companies, StrawAds, Inc. and Resound, LLC.   They did this by, among other things: 1) falsely representing that they held patents on the processes necessary to print advertisements on drinking straws; 2) falsely representing that they had significant contracts for the sale of the straws; and 3) falsely representing that they owned the machinery necessary to manufacture these straws.

On September 9, 2016, Summers pled guilty to the charges against him. Summers' sentencing was originally set for December 19, 2016. On February 23, 2017, Summers' sentencing was reset for March 15, 2017. Two days prior to his scheduled federal sentencing, while on pretrial release in this case, Summers was arrested in Florida and charged with first-degree attempted murder (Counts One and Two), kidnapping (Count Three), sexual battery (Counts Four and Five), child neglect (Counts Six, Seven, Eight and Nine), grand theft of a motor vehicle (Count Ten) and violation of a domestic violence injunction (Count Eleven). A Florida jury convicted the defendant of all charges against him. On July 24, 2023, the defendant's sentence was amended to three life terms on each of Counts One and Two and Three to be served concurrently, 32 years, one month and 11 days on counts Four, Five, Six, Seven, Eight, Nine, Ten and a term of time served on Count 11. The defendant's convictions stemmed from his brutal restraint, sexual assault and attempted murder of his wife, as well as his neglect of his minor children. Presentence Investigation Report (PSR) ¶ 60.

II.    **DISCUSSION**

A.    **Amended Sentencing Guidelines Calculation.**

In this case, as stated in an earlier PSR, the Probation Office correctly determined that

2

under the sentencing guidelines, the defendant fell within Criminal History Category II, and without reduction for acceptance of responsibility, had a total offense level of 21. This subjected him to a Sentencing Guidelines range of from 41 to 51 months' imprisonment. With credit for acceptance of responsibility he was subject to from 30 to 37 months' imprisonment. Because of the defendant's Florida convictions this is no longer the case. The Probation Office has correctly recalculated the defendant's Criminal History category and Sentencing Guidelines range. He now falls within Criminal History Category III and with an offense level of 21 (without adjustment for acceptance of responsibility), is subject to from 46 to 57 months imprisonment. PSR ¶ 124.

In his sentencing memorandum, despite being convicted of brutal crimes while on bail in this case, the defendant contends that he is entitled to credit for acceptance of responsibility. As the basis for his contention the defendant posits that in denying him credit for acceptance the Probation Office inappropriately relies upon USSG §3E1.1 Application Note 1(B). The defendant apparently reasons that "this note [Application Note 1(B)] along with all of the subsections of this note, refer to the offense of conviction, rather than post offense conduct." The defendant is mistaken, and his position is at odds with applicable Third Circuit precedent.

Application Note 1(B) to U.S.S.G. § 3E1.1 provides in pertinent part "1. In determining whether a defendant qualifies [for acceptance of responsibility] under subsection (a), appropriate considerations include, but are not limited to, the following:… (B) voluntary termination or withdrawal from criminal conduct or associations." A defendant bears "the burden of establishing by a preponderance of the evidence that he [is] entitled to a downward adjustment" for acceptance of responsibility. *United States v. Mercado*, 81 F.4th 352, 360 (3d Cir. 2023). The

3

overwhelming weight of authority supports the conclusion that "[e]ven unrelated criminal conduct may make an acceptance of responsibility reduction inappropriate." *Id*. at 359; *see also United States v. Ceccarani*, 98 F.3d 126 (3d Cir. 1996).

Certainly a defendant is obligated not to participate in criminal conduct while on bail awaiting sentencing. It is difficult to imagine a circumstance in which it is clearer that a defendant has demonstrated such a marked lack of respect for the law than Summers has here. His election to brutally sexually assault his wife and attempt to kill her while under this Court's supervision evidences his lack of seriousness when purportedly accepting responsibility for the crimes that he committed in this case. The defendant's commission of post-plea criminal conduct plainly shows his lack of true remorse for his criminal conduct in this case and aligns with his long history as a deceptive fraudster. The defendant is not entitled to a Sentencing Guidelines adjustment for his insincere acceptance of responsibility. The defendant should receive a sentence within the applicable Sentencing Guidelines range as recalculated by the Probation Office.

### B.     The Sentence Imposed by this Court Should Run Consecutive to the Sentence the Defendant is Serving for his Florida Convictions.

The defendant avers that any sentence that this Court imposes on the defendant should run concurrent to the Florida state court sentence that the defendant is currently serving. As support for this position the defendant posits, that since the defendant's criminal history category increased because of his decision to commit crimes in Florida, "[I]t would be unfair to also impose this increase (sic) sentence to run concurrently."[1] The defendant's argument is meritless.

---

[1] It is the government's belief that the defendant meant to say that it would be unfair to also impose this increased sentence to run "consecutively" rather than concurrently.

4

As a general proposition a defendant whose criminal history category increases because of his election to commit additional crimes, should not be able to avoid, if appropriate, a court's imposition of a consecutive sentence for the additional crimes that he elected to commit.

In considering the propriety of imposing a consecutive rather than a concurrent sentence, the Third Circuit's reasoning in *United States v. Pryor*, 771 Fed.Appx. 508 (3d Cir. 2019) is instructive.

> A district court has discretion to order a federal sentence to run consecutively to an undischarged state sentence. 18 U.S.C. § 3584(a); *see also* \*511 *Setser v. United States*, 566 U.S. 231, 235-36, 132 S.Ct. 1463, 182 L.Ed.2d 455 (2012) (holding that 18 U.S.C. § 3584 applies to state sentences). In determining whether a federal sentence will run consecutively or concurrently, 18 U.S.C. § 3584(b) requires the sentencing court to consider the factors set forth in 18 U.S.C. § 3553(a). One factor to consider are the sentencing guidelines and applicable policy statements. Section 5G1.3(b)(1)-(2) states that if "a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction[,]" the sentence imposed shall run concurrently to the undischarged sentence with credit for time served. For this purpose, conduct can be relevant if it is part of the same criminal undertaking. *See United States v. Oser*, 107 F.3d 1080, 1084 (3d Cir. 1997). Despite the command of "shall," the district court retains its discretion to impose a consecutive sentence because the guidelines are advisory only. *See United States v. Arrelucea-Zamudio*, 581 F.3d 142, 146 (3d Cir. 2009); *United States v. Booker*, 543 U.S. 220, 246, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

*Id.* at 510-11.

In this case the Summers' Florida criminal conduct is wholly divorced from the fraud that he perpetrated against the victims in this case. Within this context, imposing a concurrent sentence in this case would, as noted by the prosecutor in *United States v. Saintville* , 218 F.3d 246, 248 (3d Cir. 2000) "have the effect of imposing no punishment for this offense in the court where it properly sits."

As at the very least implied in the government's initial analysis of the § 3553(a) factors as articulated in its amended sentencing memorandum, the defendant has lived a lifetime of

5

increasing levels of deceit. He should not escape accountability for the deceit that he practiced in this case, because he elected to visit a brutal crime upon his wife. The defendant's sentence in this case should run consecutive to his Florida state sentence.

WHEREFORE, for the reasons articulated here, as well as in the government's amended sentencing memorandum, the government respectfully requests that the Court impose a sentence within the recalculated applicable Sentencing Guidelines range, and that the sentence be imposed consecutive to the defendant's Florida state sentence.

Respectfully submitted,

DAVID METCALF
United States Attorney


*/s/Linwood C. Wright, Jr.*
LINWOOD C. WRIGHT, JR.
Assistant United States Attorney
Senior Litigation Counsel

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Amended

Sentencing Memorandum was filed electronically on the Electronic Case Filing system, is

available for viewing and downloading from the ECF system, and/or was served on defense

counsel as follows:

Hope C. Lefeber, Esquire
Hope C. Lefeber, LLC
1500 John F. Kennedy Boulevard, Suite 1205
Two Penn Center
Philadelphia, PA 19102-1751
hopelefeber@comcast.net
**Counsel for Defendant Trevor Summers**

/s/Linwood C. Wright, Jr.
LINWOOD C. WRIGHT, JR.
Assistant United States Attorney

Dated: March 20, 2026